UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

YACINE DIOP and ILHAM                       :
DATESSE, *on behalf of themselves*
*and all others similarly situated*,         :          **REPORT AND**
                                                        **RECOMMENDATION**
                                             :          **TO THE HONORABLE**
                Plaintiffs,                  :          **JOHN G. KOELTL**

        -against-                            :          15cv3195-JGK-FM

NORA FOOD CORP. d/b/a AMSTERDAM              :
DELI and MOHAMMAD AL SALEH,
                                             :
                Defendants.
-----------------------------------------------------------x

**FRANK MAAS,** United States Magistrate Judge.

I.      Background

        This is a putative class action under the federal and New York labor laws.

In their complaint, the plaintiffs allege that defendants Nora Food Corp., d/b/a

Amsterdam Deli ("Nora"), and Mohammad Al Saleh (together, the "Defendants"), failed

to pay them the required minimum wage, overtime, and spread of hours pay. (ECF No.

1). On January 21, 2016, Stephen D. Hans, Esq., counsel for the Defendants, moved to

withdraw, citing his clients' lack of cooperation. (ECF Nos. 18-19). On February 4,

following a hearing, Your Honor granted that motion and referred the case to me for a

report and recommendation as to whether any of the fees that the Defendants had paid

should be returned. (ECF Nos. 23, 24).

        On February 11, 2016, I directed that, by February 25, Mr. Hans show

cause why the Defendants were not entitled to the return of the fees they had paid, and

that the Defendants respond by March 10. (ECF No. 25). Mr. Hans timely made his

submission, (ECF No. 26), but the Defendants have had no contact with the Court. Based

on Mr. Hans' submission, it is clear that none of the fees paid by the Defendants need be

returned.

II.    Discussion

The uncontradicted evidence establishes that Mr. Hans and Nora entered

into an Agreement for Legal Services ("Agreement") on May 5, 2015. (ECF No. 26

(Decl. of Stephen D. Hans, Esq., dated Feb. 17, 2016 ("Hans Decl.")), Ex. A). Pursuant

to the Agreement, Nora was required to pay Mr. Hans' law firm a retainer of $7,500 for

its representation of the Defendants in this action. (Id. at 2). Nora paid that retainer fee

in three installments by July 10, 2015. (Id. Ex. B at 2).

The Agreement provided that if Nora canceled the Agreement, it would be

liable "for all costs and expenses incurred," as well as "a reasonable legal fee for the

amount of time incurred . . . up to and including the date of . . . termination," to be

calculated at a rate of $425/hour for Mr. Hans' time, and $325/hour for his associates'

time. (Id. Ex. A at 3). In in an effort to establish the reasonableness of his billings, Mr.

Hans has provided the Court with an "invoice" detailing his firm's contemporaneous time

entries for its work on this case from May 5, 2015, to January 20, 2016. (Id. Ex. B at 1-

2). According to the invoice, during this time period, Mr. Hans spent 16.2 hours, and his

2

associate "ACS"[1] spent 5.3 hours on the case, leading to total time charges of $7,801.25, not counting two additional hours that Mr. Hans spent preparing for the February 4, 2016 hearing in front of Your Honor. (Id.). That amount also does not include certain expenses that the firm incurred.

"[T]he FLSA and New York Labor Law are both straightforward statutes." Castellanos v. Deli Casagrande Corp., No. 11 Civ. 245 (JFB) (AKT), 2013 WL 1207058, at *10 (E.D.N.Y. Mar. 7, 2013) (internal quotation omitted). Thus, attorneys in wage and hour cases typically command relatively modest rates of between $250 and $450 per hour, depending on their level of experience. Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012). Mr. Hans' hourly rate of $425, as well as his associates' $325 rate, fall within that range. Moreover, the fact that the Defendants agreed to pay those rates is further confirmation of their reasonableness. See Am. Motorists Ins. Co. v. Pa. Beads Corp., 983 F. Supp. 437, 442 (S.D.N.Y. 1997) ("The fees appear to have been incurred at arms length and appear reasonable."). In keeping with the practice in this Circuit, the invoice also reduces counsel's billing rates by half for travel time. See, e.g., Barfield v. N.Y.C. Health & Hospitals Corp., 537 F.3d 132, 139 (2d Cir. 2008) ("travel time by counsel should be compensated at half-rate, in accordance with established court custom").

---

[1]     The invoice does not specifically identify "ACS," but the billing rate makes clear that this individual was an associate.

I have reviewed the actual time charges of Mr. Hans and his associate and find that they are reasonable. Indeed, counsel's indicated billings actually exceeded the Defendants' retainer. Accordingly, there is no basis for the return of any of defense counsel's retainer.

III.   Conclusion

For the foregoing reasons, I recommend that Mr. Hans be permitted to retain the $7,500 that Nora paid to him and his firm. In making this recommendation, I am not suggesting that Mr. Hans and his firm may not also be entitled to recover additional sums from the Defendants.

IV.   Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen (14) days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John G. Koeltl, to my chambers at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Koeltl. The failure to file these timely

4

objections will result in a waiver of those objections for purposes of appeal.  See Thomas

v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

        SO ORDERED.

Dated:      New York, New York
              March 18, 2016

                                  FRANK MAAS
                       United States Magistrate Judge

Copies to:

Plaintiffs' counsel (via ECF)

Stephen D. Hans (via U.S. Mail)
Stephen D. Hans & Associates, P.C. (LIC)
45-18 Court Square, Ste. 403
Long Island City, New York 11101

Mohammad Al Saleh (via U.S. Mail)
Nora Food Corp.
481 Amsterdam Avenue
New York, New York 10024

mosaleh@gmail.com